IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BENJAMIN GRAHAM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00280 |
| | § | |
| **WELDINGHOUSE, INC.,** | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT'S SECOND MOTION FOR EXTENSION OF DEADLINE FOR FILING DISPOSITIVE MOTIONS

Before the Court is the Opposed Motion of Defendant, Weldinghouse, Inc., for Extension of Deadline for Filing Dispositive Motions. (D.E. 20 & 21.)  Defendant's deadline to file dispositive motions in this case was May 8, 2011. (D.E. 17.)  Defendant filed a First Motion for Partial Summary Judgment on May 2, 2012. (D.E. 19.)  Defendant filed a Second Motion for Partial Summary Judgment on May 9, 2012, at approximately 10:00 a.m., attached to its request for an extension of time. (D.E. 20 and 21.)

Under FED. R. CIV. P. 6(b), when a motion for extension of time is made after the time for filing has expired, the Court may extend a deadline for good cause if the party failed to act due to excusable neglect.  The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  In making this determination, the Court must consider the following factors: (1) potential for prejudice to the party opposing an extension of time, (2) the length of the extension requested and its impact on the proceedings, (3) the reason for the extension and whether it was within the control of the

movant, and (4) whether the movant has acted in good faith. *Id*.; *Kretchmer v. Eveden, Inc.*, Civil Action No. 3:07-CV-1068-D, 2009 WL 2835777, at *1 (N.D. Tex. 2009).

In the case at hand, Defendant requested a one day extension of time, which has little potential for prejudice or to disrupt the proceedings. There is no indication that the request was made in bad faith or to unnecessarily delay the proceedings. Defense counsel had recently been engaged in a lengthy arbitration and was faced with other deadlines and simply needed a short time to finalize her Second Motion for Partial Summary Judgment. (D.E. 21 at 2.) Accordingly, the four factors weigh in favor of granting an extension.

Moreover, denying Defendant's Second Motion for Summary Judgment could potentially serve to unnecessarily extend this litigation. FED. R. CIV. P. 1 states that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Summary judgment motions are an effective means for the Court to limit the litigation of unnecessary claims and issues.

Accordingly, the Court concludes that Defendant failed to act due to excusable neglect and there is good cause for extending the dispositive motions deadline in this matter. Defendant's Opposed Motion for Extension of Deadline for Filing Dispositive Motions (D.E. 20 & 21) is **GRANTED**. The deadline for filing dispositive motions is extended until May 9, 2012. The Clerk of the Court is ordered to file Defendant's Second Motion for Partial Summary Judgment and its attachments as part of the record in this case.

**ORDERED** this 11th day of May 2012.

*Nelva Gonzales Ramos*
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**